UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JULIO ALFREDO ROSARIO GONZALEZ                                    PETITIONER

V.                                              CIVIL ACTION NO. 3:25-CV-913-DPJ-ASH

WARDEN CHILDRESS                                                  RESPONDENT

REPORT AND RECOMMENDATION

Pro se Petitioner Julio Alfredo Rosario Gonzalez filed this 28 U.S.C. § 2241 petition challenging the Bureau of Prisons' conclusion that he is ineligible to apply time credits under the First Step Act (FSA). As explained below, the undersigned recommends the petition be denied.

I.      Facts and Procedural History

On July 20, 2023, Gonzalez was sentenced in the Southern District of New York following a guilty plea on two federal charges: possession with intent to distribute fentanyl and conspiracy. 21 U.S.C. §§ 841(b)(1)(C), 846. The court sentenced him to a 57-month term of incarceration. Attach. [9-1] at 5. Gonzalez is presently incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi. He filed this habeas petition challenging the BOP's conclusion that he is ineligible to apply time credits under the FSA on December 1, 2025. Respondent opposes the petition.

II.     Analysis

A federal inmate may attack "the manner in which [his] sentence is [being] carried out or the prison authorities' determination of its duration," in a habeas petition under 28 U.S.C. § 2241 filed in the "district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A challenge to the BOP's determination of eligibility to apply FSA time credits is properly brought under § 2241. *See Martinez v. Rosalez*, No. 23-50406, 2024 WL 140438, at *3

(5th Cir. Jan. 12, 2024) (considering appeal of denial of § 2241 petition challenging BOP's conclusion that prisoner was ineligible for FSA time credits).

The FSA "awards time credits to inmates 'who successfully complete[] evidence-based recidivism reduction programming or productive activities.'" *Vargas v. Rivers*, No. 24-10703, 2025 WL 1380067, at *1 (5th Cir. May 13, 2025) (quoting 18 U.S.C. § 3632(d)(4)(A)). The statute provides that earned time credits generally "shall be applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C). But the statute excludes as "ineligible [for] time credits" a prisoner who is the "subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i).

The BOP concluded that Gonzalez is ineligible to apply time credits under the FSA because "he has a final order of removal." Resp. [9] at 4. Gonzalez argues that he is eligible because he "does not have a final deportation order signed by a judge," Pet [1] at 3, but instead is subject to "simply an ICE detainer," *Id.* at 3. Gonzalez is incorrect.

The First Step Act states that prisoners who are "the subject of a final order of removal under *any* provision of the immigration laws" are ineligible to receive time credits. 18 U.S.C. § 3632(d)(4)(E)(i) (emphasis added). It further defines "immigration laws" by reference to the Immigration and Nationality Act, section 101(a)(17), codified at 8 U.S.C. § 1101(a)(17). Section 1101(a)(17) defines "immigration laws" to include "this chapter [(Chapter 12 of Title 8)] and all laws, conventions, and treaties of the United States relating to the immigration, exclusion, deportation, expulsion, or removal of aliens."

Chapter 12 of Title 8 empowers both Department of Homeland Security ("DHS") officers and Immigration Law Judges ("ILJs") to issue removal orders. *See, e.g.*, 8 U.S.C. § 1225(b)(1) (providing removal authority to DHS officers); *id.* § 1229a(a)(1) (providing removal authority to

ILJs). Additionally, "Section 238(a) of the INA . . . creates 'special removal proceedings' for noncitizens . . . convicted of aggravated felonies" that proceed as "either (A) expedited removal proceedings before an immigration judge, or (B) expedited proceedings before an ICE officer if a noncitizen does not have legal permanent resident status." *Rodriguez v. Birkholz*, No. 2:24-CV-01579-FMO-PD, 2025 WL 714965, at *2 (C.D. Cal. Jan. 28, 2025) (citing 8 U.S.C. § 1228(a)), *report and recommendation adopted*, 2025 WL 712922 (C.D. Cal. Mar. 5, 2025). And an aggravated felony includes "illicit trafficking in a controlled substance . . . , including a drug trafficking crime." 8 U.S.C. § 1101(a)(43)(B).

Gonzalez's argument that orders issued by DHS officers are not "final orders of removal" under 18 U.S.C. § 3632(d)(4)(E)(i) is contrary to the authority granted DHS officers under the "immigration laws." 8 U.S.C. § 1101(a)(17). His argument has also been rejected (for good reason) by numerous courts addressing the same or similar theories. *E.g.*, *Rodriguez*, 2025 WL 714965, at *2 ("The FSA . . . specifically states that this distinction [between final orders issued by an immigration judge and an ICE administrative officer] does not matter: an inmate is ineligible to apply time credits if he is the "subject of a final order of removal under *any provision* of the immigrations laws." (quoting 18 U.S.C. § 3632(d)(4)(E)(i))); *see also Dobson v. Edge*, No. EP-25-CV-298-LS, 2026 WL 972897, at *2 (W.D. Tex. Apr. 10, 2026) ("The FSA makes no distinction between a final order of removal issued by a Department of Homeland Security officer pursuant to 8 U.S.C. § 1225(b)(1) or a final order of removal issued by an Immigration Judge pursuant to 8 U.S.C. § 1229a.").

Here, the record clearly shows that Gonzalez is subject to a final removal order. *See* Attach. to Resp. [9-1] at 7 (showing a Final Administrative Removal Order dated April 18, 2024). To the extent that Gonzalez argues that his removal order was issued in error, this claim is

3

outside of the Court's jurisdiction. 8 U.S.C. § 1252(a)(5); *see also Duarte v. Mayorkas*, 27 F.4th 1044, 1054–55 (5th Cir. 2022) ("Under 8 U.S.C. § 1252, '[w]hen a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is inextricably linked to the order of removal,' the federal district court lacks subject-matter jurisdiction." (quoting *Martinez v. Napolitano*, 704 F.3d 620, 623 (9th Cir. 2012)).

Gonzalez is therefore ineligible to apply FSA time credits, and his § 2241 petition should be denied.[1]

III.    Conclusion and Recommendation

The undersigned has considered all arguments. Those not directly addressed would not have changed the outcome. For the foregoing reasons, the undersigned recommends that the Court deny Gonzalez's habeas petition.

IV.    Notice of Right to Object

In accordance with Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[2] of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties

---

[1] Respondent is correct that Gonzalez did not properly exhaust his claim with the BOP. But "[b]ecause exhaustion is not a jurisdictional prerequisite to bringing a § 2241 petition, the Court may address the merits of such a petition notwithstanding a lack of exhaustion." *Nichols v. Joslin*, No. 3:04-CV-59, 2005 WL 1017833, at *4 (N.D. Tex. Mar. 25, 2005), *report and recommendation adopted*, 2005 WL 1017844 (N.D. Tex. Apr. 28, 2005).

[2] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).

are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted, this the 1st day of June, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE